IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| DEL REAL TAX GROUP INC., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>TAX TUTOR, LLC, a Utah limited liability company, and MERRILL J. TAYLOR,<br><br>Defendants. | No. 20-cv-05538 |

**COMPLAINT**

Plaintiff Del Real Tax Group Inc. ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint against Defendants Tax Tutor, LLC, a Utah-based limited liability company ("Defendant Tax Tutor") and Mr. Merrill J. Taylor, an individual residing in Utah ("Defendant Taylor"). In support thereof, Plaintiff states as follows:

**I.     JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., the Copyright Act of the United States, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since the Defendants directly target business activities toward Illinois consumers through their operation of fully interactive,

commercial website, which advertises and offers goods and services to Illinois residents and uses an infringing logo design to do so. Each of the Defendants has committed and is committing tortious acts in Illinois, causing Plaintiff substantial injury in the State of Illinois.

## II.     INTRODUCTION

3.     This action has been filed by Plaintiff to stop and obtain redress for Defendants' trademark infringement and copyright infringement arising from Defendants' use of a logo design substantially and intentionally similar to Plaintiff's original logo design. Plaintiff is forced to file this action to combat Defendants' willful infringement of Plaintiff's registered trademark and copyright in the logo design, as well as to protect unknowing consumers from being confused and misled, as Plaintiff has suffered damages and continues to be irreparably damaged through consumer confusion, deceptive trade practices, and copyright infringement. Defendants, moreover, have continued their tortious conduct despite Plaintiff's repeated demands to cease and desist. Accordingly, Plaintiff seeks both injunctive and monetary relief.

## III.     THE PARTIES

**Plaintiff Del Real Tax Group, Inc.**

4.     Since 2012, Plaintiff has provided tax consulting services, as well as business information and financial coaching services, to businesses throughout the U.S.

5.     Ms. Maribel Salazar, the Founder and CEO of Plaintiff, has been recognized as one of the "Top 20 Best Accountants" in Chicago and has led Plaintiff to be one of the best reviewed and most highly recommended firms for small businesses in the country.

6.     For over half a decade, Plaintiff has used a distinctive logo design in connection with its services, business, and brand:



7. Plaintiff obtained a federal trademark registration for its unique logo design in July of 2018 (Reg. No. 5512167), giving Plaintiff nationwide protection and priority in the logo design.

8. Plaintiff's trademark has been used exclusively and continuously by Plaintiff for several years and have never been abandoned. Plaintiff's U.S. registration is valid, subsisting, and in full force and effect. True and correct copies of the United States Registration Certificate for the above-listed trademarks is attached hereto as Exhibit 1. The registration constitutes *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the logo design pursuant to 15 U.S.C. § 1057(b).

9. Plaintiff's exclusive right to use its logo design throughout the United States carries with it the obligation to police any unauthorized third-party use of the logo design, which Plaintiff seeks to do in this lawsuit.

10. Additionally, Plaintiff owns a copyright registration for the most original and distinctive part of its logo: The cartoon male face with thick-rimmed glasses, short, cowlicked hair parted to the left, pupils with no eyelids, and with the lower half of the face entirely cut off. *See* Exhibit 2 (Copyright Registration No. VA 2-100-638).



11. Consumers throughout the U.S. associate this unique character with Plaintiff.

12. Plaintiff has invested considerable time and resources building up the goodwill in its logo mark, including providing award-winning service, aggressively advertising on social media, and pushing its brand in numerous other online and offline marketing channels; as a result, the logo design currently enjoys considerable goodwill and federal trademark protection.

**Defendants Tax Tutor, LLC**

13. Defendant Tax Tutor is a Utah limited liability company located at 897 W BAXTER DR SOUTH JORDAN, South Jordan, Utah 84095.

**Defendant Merrill J. Taylor**

14. Defendant Taylor is an individual domiciled in South Jordan, Utah.

15. Defendant Taylor founded, owns, and operates Defendant Tax Tutor and personality participates in conduct of the company described herein.

16. Together, Defendants have advertised and provided goods and/or services to Illinois residents in this Judicial Distrcit using infringing imitations of Plaintiff's federally registered logo and copyright-protected illustration.

17. Defendants have targeted Illinois by selling or by knowingly and purposefully advertising, offering for sale, and selling infringing products and services to Illinois consumers via its online website, social media accounts, and other promotional campaigns.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

18. Defendant Taylor personally directs and/or personally participates in Defendant Tax Tutor's unauthorized use of Plaintiff's registered trademark logo and copyright in connection with tax services and tax-related books.



19. Defendant's illustration copies several unique elements from Plaintiff's registered logo and copyright, including (i) a cartoon male face, (ii) with thick-rimmed glasses, (iii) short, cowlicked hair parted to the left, (iv) pupils with no eyelids, (v) and an absent lower half of the

face. This illustration is the most prominent and distinctive part of Tax Tutor, LLC's mark:

20. Defendants use this copycat logo as a trademark and brand throughout Tax Tutor, LLC's website and social media accounts:


https://www.taxtutor.com/landing-page1594232855254


https://www.facebook.com/taxes.simplified/?ref=py_c

5

21. Plaintiff has never authorized Defendants Tax to use Plaintiff's federally registered logo design or federally registered copyright, nor substantially similar or confusingly similar iteration thereto.

22. Defendants' use of the substantially similar logo design directly threatens the protection, exclusivity, and source-identify power of Plaintiff's mark, directly introduced confusion into the marketplace, and directly undermines Plaintiff's current business and future expansion plans in the Southwest.

23. Based on the evidence Plaintiff has accumulated to date, Defendants were not registered to do business until October of 2019, and Defendants did not use the at-issue confusingly similar logo until January of 2020; moreover, based on information and belief, Defendants intentionally sought out a "Nerdy logo" and rejected logo designs that depicted whole faces, most likely because the half-face logo is associated with Plaintiff.

24. Therefore, Defendants begin using the infringing logo with actual or constructive knowledge of Plaintiff's rights.

25. Further, after Plaintiff sent Defendant a cease and desist letter, which identified Plaintiff's rights in the logo design and illustration, Defendants—after initially agreeing to stop using the logo and illustration—changed their mind and refused to agree to cease using the logo in the future and have continued to use the logo.[1]

26. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used—and continue to use—substantially and confusingly similar imitations of Plaintiff's federally trademark logo and copyright in connection with the advertisement, distribution, offering for sale, and sale of the tax-related services and goods to consumers

---

[1] https://m.facebook.com/groups/509036769767267?view=info (accessed September 14, 2020; https://vimeo.com/447350692 (accessed September 14, 2020).

throughout the U.S., including Illinois and this Judicial Distrcit, causing confusion, mistake, and deception by and among consumers as to the source, affiliation, and approval of those services and goods.

## COUNT I
## **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 26.

28. Plaintiff is the exclusive owners of the logo illustration; Plaintiff's United States Registration for the logo (Exhibits 1) is in full force and effect.

29. Consumers have come to expect the highest quality from Plaintiff's services offered, sold or marketed under the Plaintiff's mark.

30. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising services and products using infringing reproductions of Plaintiff's mark without Plaintiff's permission.

31. Defendants had knowledge of Plaintiff's rights in the registered mark and willfully infringed and intentionally used infringing versions of mark, causing and will likely to continue to cause confusion, mistake, and deception as to the origin of Defendants' services and goods among the general public; therefore, Defendants' activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32. Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its brand and goodwill, and will continue to lose control of its commercial reputation.

33. The injuries and damages sustained by Plaintiff has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of goods and services under the infringing logo.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using Plaintiff's registered logo mark or any reproductions or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any service or product is not authorized by Plaintiff;

    b. passing off, inducing, or enabling others to sell or pass off any service or product using a reproduction or colorable imitation of Plaintiff's registered logo mark that is not authorized or approved by Plaintiff;

    c. committing any acts calculated to cause consumers to believe that Defendants' products and/or services are sold under the authorization, control or supervision of Plaintiff; and

    d. further infringing Plaintiff's mark and damaging Plaintiff's goodwill; and

(2) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

(4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) for each and every use of the Plaintiff's registered marks;

(5) That Plaintiff be awarded their reasonable attorneys' fees and costs; and

(6) That Plaintiff be awarded any and all other relief that this Court deems just and proper.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

34. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 33.

35. Plaintiff's logo mark is inherently distinctive or has otherwise acquired distinctiveness through continuous and substantially exclusive use over the last seven years.

36. Defendants' promotion, marketing, offering for sale, and sale of goods and services using infringing marks has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' goods and services.

37. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of Defendant's goods and services to the general public involves the use of marks in willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

38. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm .

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

      a.    using Plaintiff's marks or any reproductions or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product or service not authorized by Plaintiff;

      b.    passing off, inducing, or enabling others to sell or pass off any product as a genuine product or service by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff;

      c.    committing any acts calculated to cause consumers to believe that Defendants' products or services are offered under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

(2) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement be increased by a sum not exceeding the statutory limit;

(3) Plaintiff's costs and reasonable attorneys' fees;

(4) Both pre-judgment and post-judgment interest; and

(5) Such other and further relief as this Court finds just and equitable.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, et seq.)

39.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 38.

40. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their products and services as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods and services, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with Plaintiff's services or goods, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

41. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

42. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to their reputations and associated goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendant as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using Plaintiff's registered logo or any reproductions or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not authorized by Plaintiff;

   b. passing off, inducing, or enabling others to sell or pass off any product or service as a genuine product or service provided by Plaintiff that is not provided by or approved by Plaintiff;

   c. committing any acts calculated to cause consumers to believe that Defendants' goods and/or services are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   d. further infringing the Plaintiffs' mark and damaging Plaintiff's goodwill.

(2) Plaintiff's costs and reasonable attorneys' fees pursuant to 815 ILCS § 510/3; and

(3) Such other and further relief as this Court finds just and equitable.

## COUNT IV
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101, et seq.,)

43. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

44. Plaintiff is, and at all relevant times has been, the owner of copyright and the copyright registration for the at-issue face illustration (Reg. No. VA 2-100-638) ("the Copyrighted Face").

45. Plaintiff has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce, (2) prepare derivative works based on, (3) distribute copies of, and (4) publicly display the Copyrighted Face.

46. Without Plaintiff's knowledge, permission, or consent, Defendants reproduced, publicly displayed, and made derivative works of the Copyrighted Face.

47. Defendant knew they did not have authorization to reproduce, publicly display, distribute copies of, or create derivative works of the Copyrighted Face but nonetheless willfully did so anyway.

48. As a direct, actual, and proximate result of Defendants' willful infringement of the Copyrighted Face, Plaintiff suffered damages, including lost licensing fees and the ability to control the commercialization of the Copyrighted Face.

49. Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its copyrights.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from using or assisting third parties in reproducing, publicly displaying, distributing, or making or using derivative works of the Copyrighted Face or any reproductions or colorable imitations thereof pursuant to 17 U.S.C. § 502;

(2) That Defendant destroy all copies of the Copyrighted Face or colorable imitations thereof made by or under the control of Defendants pursuant to 17 U.S.C. § 503;

(3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Copyrighted Face be increased by a sum not exceeding three times the amount thereof;

(4) In the alternative, that Plaintiff be awarded statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2) of $150,000 per infringed work;

(5) That Plaintiff be awarded their reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(6) That Plaintiff be awarded any and all other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues triable as of right to a jury. Fed. R. Civ. P. 38(b).

Date: September 18, 2020

Respectfully submitted,
/s/Daliah Saper
Daliah Saper (Bar No. 6283932)
Brandon Beymer
Saper law offices, LLC
505 N. LaSalle, suite 350
Chicago, Illinois 60654
(312) 527-4100
ds@saperlaw.com